UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNY RAY GAFFNEY,

              Petitioner,

v.                                    Case No. 3:16-cv-141-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
              Respondents.

_____

## ORDER

Petitioner Johnny Ray Gaffney, an inmate of the Florida penal system, initiated this action on February 8, 2016, by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Florida. The Court transferred the case to this Court on February 16, 2016. See Order (Doc. 3). Gaffney challenges a 1985 state court (Putnam County, Florida) judgment of conviction for sexual battery. He asserts that his conviction violates the Eighth and Fourteenth Amendments because it was based on nonexistent law. The Court takes judicial notice of Petitioner's three previous petitions for writ of habeas corpus filed in this Court, in which challenged the same judgment of conviction: (1) Case No. 88-816-Civ-J-10; (2) Case No. 90-1012-Civ-J-10; and (3) Case No. 99-333-Civ-J-20C. Before a second or successive habeas corpus application may be filed in this Court, Petitioner is

required to obtain an order from the United States Court of Appeals for the Eleventh Circuit, authorizing the district court to consider his application. See 28 U.S.C. § 2244(b)(3)(A).

Petitioner may not circumvent the requirement for obtaining authorization to file a second or successive habeas corpus application by purporting to bring this action pursuant to 28 U.S.C. § 2241. See Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition"). For this reason, this case will be dismissed without prejudice to give Petitioner the opportunity to seek the requisite authorization from the Eleventh Circuit.[1]

Therefore, it is now

**ORDERED AND ADJUDGED**:

1.   This case is **DISMISSED without prejudice**.

2.   The Clerk shall enter judgment dismissing the case without prejudice, terminating all pending motions, and closing the case.

---

[1] Johnny Ray Gaffney previously filed an application seeking an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus. On October 30, 2013, the United States Court of Appeals for the Eleventh Circuit found that Gaffney did not raise any claims that met "the statutory criteria" under 28 U.S.C. § 2244(b), and therefore, the Court denied his application for leave to file a second or successive petition. See In Re: Johnny Ray Gaffney, No. 13-14700-C (11th Cir. Oct. 30, 2013).

3.    If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[2] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.    The Clerk shall send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of February, 2016.

MARCIA MORALES HOWARD
United States District Judge

---

[2]  This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 84 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, if Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.

3

sc 2/24
c:
Johnny Ray Gaffney, FDOC #794686